UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SONDRA WYNN,**

        **Plaintiff,**

v.                                      **Case No. 3:09cv446/MCR/MD**

**DAVISON DESIGN &
DEVELOPMENT, INC.,**

        **Defendant**.
_____/

## O R D E R

Pending before the court is a motion to dismiss the complaint for lack of personal jurisdiction filed by Defendant Davison Design & Development, Inc. ("Davison Design"). (Doc. 7.) Plaintiff Sondra Wynn ("Wynn") opposes the motion. (Doc. 9.) For the reasons that follow, the court finds personal jurisdiction in Florida to be lacking, but, in lieu of dismissal, the case will transfer to the Southern District of Alabama.

**Background**

Wynn filed a three-count complaint alleging breach of contract (count I); violation of 35 U.S.C. § 297, alleging the failure to disclose certain information required by federal law prior to entering into a contract for invention promotion services (count II); and unjust enrichment (count III); all arising out of an agreement she entered into with Davison Design to promote her invention of a flower bouquet wrap. Jurisdiction is based both on a federal question arising out of the application of § 297 and accompanying supplemental jurisdiction, *see* 28 U.S.C. §§ 1331 & 1367(a); and also diversity jurisdiction because the

dispute is between citizens of different states,[1] see 28 U.S.C. § 1332(a)(1).  In the complaint, Wynn asserts  she entered into a contract with Davison Design for invention promotion services in 2003 after she conceived of an idea for a flower bouquet wrap to improve the decorative look of an existing bouquet holder.  She developed several prototypes of the bouquet wrap and retained Davison Design to assist her in patenting, marketing or licensing the product.  As part of the contract, Davison Design specifically agreed to maintain the confidentiality of the idea.  They worked together to develop a modified design in 2004 and 2005.  Davison Design presented Wynn with various prototypes and marketing materials regarding the modified design and named it the "Easy Grip."  Wynn, however, asserts Davison Design devoted little effort to her primary idea.  In December 2006, Wynn saw a copy of her original design for sale in a shop for $8.00.[2]  Wynn asserts Davison Design disclosed the idea to a competitor and failed to disclose information it was required by federal law to disclose to her prior to entering their contract.

      Davison Design moves to dismiss for lack of personal jurisdiction on grounds that the Florida long-arm statute, Fla. Stat. § 48.193, does not cover this dispute and Davison Design's contacts with the state are otherwise insufficient to confer jurisdiction. Presenting the affidavit of its chief executive officer, Gordon M. Davison, Davison Design represents it is a Pennsylvania corporation with no ties to Florida and that Wynn was an Alabama resident at the time of contracting, not a Florida resident.  Moreover, the contract was executed in Pittsburgh, Pennsylvania, and is governed by Pennsylvania law.[3]

      Wynn opposes the motion, arguing that the Florida long-arm statute reaches the allegedly on-going tort set forth in count II.  She submitted a personal affidavit in which she admits she lived in Ozark, Alabama, located in southeastern Alabama, at the time she

---

[1] Wynn is a citizen of Florida, and Davison Design is a corporation organized under the laws of the state of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania.

[2] The complaint states that she saw the product in December 2007, but in her affidavit to the court, Wynn states that the reference to December 2007 was in error.  (Plaintiff's Ex. B, at 1-2 & n.1.)

[3] Davison Design notes that it alternatively contests venue in this court but reserves the right to make argument on that point in another motion.

Case No. 3:09cv446/MCR/MD

entered into the contract in 2003 and also when she discovered the alleged wrongdoing in December 2006; she moved from Alabama to Florida in July 2007.  Wynn further states that while a Florida resident, she telephoned Davis Design to inquire about the status of their work on her project but was not given any information.  After she called a second time purporting to have a new product idea, she alleges they promptly sent her a packet of informational material.  Wynn asserts that her injury as a Florida resident supports personal jurisdiction under Florida's long-arm statute.

**Legal Standards**

Courts in the Eleventh Circuit follow a two-step analysis to determine whether it is proper to exercise personal jurisdiction over a nonresident.  *See Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).  First, the court determines whether the long-arm statute of the forum state (in this case Florida) provides a basis for personal jurisdiction over the defendant.  *See id.*; *Crowe v. Paragon Relocation Resources, Inc.*, 506 F. Supp. 2d 1113, 1118-19 (N.D. Fla. 2007).  Second, if the first step is met, the court considers whether the defendant has sufficient "'minimum contacts'" with the forum state to satisfy the protections of the Due Process Clause, ensuring that "'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (other marks omitted); *Crowe*, 506 F. Supp. 2d at 1119.

The construction and application of the Florida long-arm statute is a question of Florida law, and federal courts must construe the statute as would the Florida Supreme Court.  *Horizon*, 421 F.3d at 1166.  A plaintiff invoking the court's jurisdiction under the Florida long-arm statute bears the initial burden to set forth in the complaint sufficient facts to make out a *prima facie* case that personal  jurisdiction exists.  *See United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *Instrumentacion, Ltda. v. Philips Elec. N. Am. Corp.*, 951 So. 2d 1001, 1002 (Fla. 3d DCA 2007) (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).  If the defendant mounts a challenge to personal jurisdiction, supported by affidavits or other competent evidence, the burden then

shifts back to the plaintiff to refute the challenge by substantiating the jurisdictional allegations of the complaint with the plaintiff's own affidavit or other sworn proof. *See United Tech. Corp.*, 556 F.3d at 1274*; see also Crowe*, 506 F. Supp. 2d at 1119; *Instrumentacion, Ltda.*, 951 So. 2d at 1002. Where the affidavits can be harmonized and do not conflict, the court may make its decision on the basis of the parties' asserted evidence without holding an evidentiary hearing. *See Crowe*, 506 F. Supp. 2d at 1119; *see also Venetian Salami*, 554 So. 2d at 503. The long-arm statute is to be strictly construed. *Crowe*, 506 F. Supp. 2d at 1119.

The Florida long-arm statute provides personal jurisdiction over a nonresident who, in relevant part, operates or conducts business in Florida, commits a tortious act within Florida, or breaches a contract by failing to perform acts required by the contract to be performed in this Florida. Fla. Stat. § 48.193 (a), (b), (g). These provisions provide specific jurisdiction over a nonresident, which may be exercised "only when the defendant's contacts with the forum state arise from or are directly related to the cause of action." *Mold-Ex, Inc. v. Mich. Tech. Representatives, Inc.* 3:04cv307, 2005 WL 2416824, at *3 (N.D. Fla. 2005) (unpublished). The statute also provides general jurisdiction over a nonresident defendant "engaged in substantial and not isolated activity within [Florida] . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

**Discussion**

The court concludes that no evidentiary hearing is required in this case because the affidavits do not present any conflicting facts on matters relevant to the court's resolution of this dispute. Davison Design argues that Wynn has failed to show it had any contacts with the state of Florida sufficient to invoke personal jurisdiction.

Davison Design asserts first that there is no personal jurisdiction pursuant to § 48.193(1)(a) because it was not "operating, conducting, engaging, or carrying on a business" within Florida. "In order to establish that a defendant is carrying on business for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon*, 421 F.3d at 1167 (internal marks omitted). In his affidavit, Gordon M.

Davison states that Davison Design has never had any assets, offices, operations, agents, employees, or representatives in the state of Florida. The affidavit also states the company did not solicit business from Wynn in Florida; instead, she contacted Davison Design at its business in Pennsylvania while she was an Alabama resident.

Wynn offers no argument that personal jurisdiction exists pursuant to Fla. Stat. § 48.193(1)(a). Construing her opposition to the motion liberally, however, she asserts within a due process argument (which the court does not reach)[4] that Davison Design does not deny it has clients in Florida, and she asserts that its website posted a testimonial from one "satisfied customer" who purports to be from Florida. The court concludes that, if this is in fact offered as an argument under Fla. Stat. § 48.193(1)(a), it presents an insufficient ground on which to conclude that Davison Design is carrying on business in Florida within the meaning of the long-arm statute because it does not demonstrate a general course of business activity within the state. *See Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379, 1383 (S.D. Fla. 2004) (finding selling subscriptions on an internet site "to an unknown, relatively small number of Florida residents, without more, does not constitute carrying on a business in Florida" under the long-arm statute); *see also Rafal v. Mesick*, 661 So. 2d 79, 81 (Fla. 2d DCA 1995) (finding evidence insufficient to show carrying on a business in Florida where there was no evidence the company had an office, mailing address or telephone listing in Florida or that it solicited business in Florida; communications were sent to the defendant in Florida only because the defendant moved there).

Davison Design also argues that Wynn failed to show personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(g), which provides a basis for jurisdiction over a nonresident who has breached a contract that required acts to be performed in the state of Florida. There is no basis for application of this provision. It is undisputed that the contract at issue was entered into in Pennsylvania while Wynn was an Alabama resident, and the contract does

---

[4] The due process analysis only becomes relevant if the court first determines there is a basis for personal jurisdiction under the state long-arm statute. *Crowe*, 506 F. Supp. 2d at 1119. Because the court ultimately finds no personal jurisdiction under the state long-arm statute in this case, the court does not engage in the due process analysis.

Case No. 3:09cv446/MCR/MD

not require the performance of any acts within the state of Florida. Wynn presented no argument or evidence otherwise.

Wynn asserts that personal jurisdiction exists under the long-arm statute through Fla. Stat. § 48.193(1)(b), which applies to a nonresident who has committed a tortious act within the state. Wynn argues that count II of the complaint, alleging Davison Design failed to disclose required information prior to entering into a contract, sets forth an ongoing tort under 35 U.S.C. § 297. Several principles inform the court's determination on this issue:

> (1) a cause of action for tort accrues wherever plaintiff suffers damage to his property; (2) in order to commit a tortious act in Florida, a defendant's physical presence is not required; (3) a foreign defendant can commit a tort within Florida via its electronic, telephonic, or written communications into the state so long as the cause of action arises from those communications; (4) a defendant need not commit a physical tort within Florida in order to be brought within the ambit of the long-arm statute.

*Beta Drywall Acquisition, LLC v. Mintz & Fraade, P.C.*, 9 So. 3d 651, 653 (Fla. 4th DCA 2009) (citing *Becker v. Hooshmand*, 841 So. 2d 561, 562-63 (Fla. 4th DCA 2003), in turn *quoting Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)). According to these principles, Fla. Stat. § 48.193(1)(b) applies to a nonresident defendant who commits a tortious act outside the state that causes injury in Florida. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217 (11th Cir. 1999).

The court concludes that improper and deceptive invention promotion, in violation of 35 U.S.C. § 297, is a tort within the meaning of Fla. Stat. § 48.193(1)(b) if it injures a Florida resident, even if the tortious act was not committed in Florida. *See generally Gotschall v. Davison Design & Dev., Inc.*, No. 8:03cv2088, slip. op. at 5 (M.D. Fla. 2004) (unpublished) (concluding a tortious act occurred in Florida, the plaintiff's place of residence, where the nonresident defendant failed to make the required invention promotion disclosures prior to contracting). However, Wynne was not a Florida resident at the time the alleged tort was committed, and furthermore, count II of the complaint does not allege a continuing violation as Wynn would have this court find. Count II alleges only

the violation of the disclosure provisions of § 297(a), which requires certain disclosures to be made *prior* to entering into a contract for invention promotion services.  As pled, this tort occurred and concluded prior to the time Wynn entered into the contract and while she was an Alabama resident.[5]  The plain language of the statute supports this conclusion.  *See* 35 U.S.C. § 297(a) (creating a duty to disclose certain information "prior to entering into a contract for invention promotion services").[6]  Wynn appears to argue that Davison Design omitted material information regarding the status of her case when she made telephone inquiries from Florida on two occasions.[7]  This alleged tort of omission is not pled in count II, which alleges only nondisclosures that occurred prior to entry of the contract.  Additionally, there is no connection between the content of those telephone communications and the cause of action pled.  *See Horizon*, 421 F.3d at 1168 (noting Florida law requires a connection between the out-of-state communication and the cause of action to form the basis of personal jurisdiction under the long-arm statute).  Thus, Wynn has not satisfied her burden to establish jurisdiction under Fla. Stat. § 48.193(1)(b).

Wynn does not assert that Davison Design is subject to general personal jurisdiction pursuant to Fla. Stat. § 48.193(2), but even if she made the argument, the court would find it to be without merit.  Wynn has presented no evidence that Davison Design is engaged in any substantial, as opposed to isolated, activity within Florida.  She lists only the existence of a website testimonial from a purported Florida resident, two telephone

---

[5] Although Wynn's argument in her opposition to the motion to dismiss asserts that she continues to be deprived of royalties and license fees, the complaint asserts only the failure to disclose information that is required to be disclosed in 35 U.S.C. § 297(a).  The statute also provides a civil action for an inventor injured by "*any* material false or fraudulent statement or representation, or any omission of material fact" by a promoter, § 297(b)(1) (emphasis added), but Wynn's complaint does not assert that Davison Design made a false or fraudulent representation or omission after she became a Florida resident; it alleges only nondisclosure prior to entry of the contract.

[6] Because the claim pled involves only the alleged nondisclosure of information prior to entry of the contract, this situation is distinguishable from a claim of patent infringement in which the site of the injury is the location at which the infringing activity directly impacts on the interests of the patentee, such as the place of the infringing sales.  *See Elite Aluminum Corp. v. Trout*, 451 F. Supp. 2d 1311, 1314 (S.D. Fla. 2006).

[7] This argument is contained only within Wynn's argument on the due process issue.  Again, the court notes that it is unnecessary to reach the due process argument in this case where the plaintiff has failed to establish personal jurisdiction under the state's long-arm statute.

Case No. 3:09cv446/MCR/MD

communications with the company which she initiated, and a packet of materials the company sent to her in Florida at her request.  "Florida courts have held that jurisdiction is proper under this section [§ 48.193(2)] only when the nonresident defendant actually procures business in Florida or solicits business through continued or sustained efforts; solicitation in a 'haphazard and sporadic manner' does not confer jurisdiction." *Bond v. Ivy Tech State Coll.*, 167 Fed. Appx. 103, 105 (11th Cir. 2006) (unpublished) (quoting *Price v. Point Marine, Inc.*, 610 So. 2d 1339, 1341 (Fla. 1st DCA 1992), and rejecting a claim that hosting a website, offering online classes, and mailing some admissions packets to prospective students in Florida supported general jurisdiction).

**Conclusion**

For the reasons stated above, the court concludes that Wynn has failed to meet her burden under the Florida long-arm statute, and accordingly, the court lacks personal jurisdiction over Davison Design.  In lieu of dismissal, however, the court exercises its discretion in the interest of justice to transfer this case, pursuant to 28 U.S.C. §1631, to another court where the action could have been brought at the time it was filed.  Wynn was an Alabama resident at the time she entered into the contract with Davison Design, at the time Davison Design allegedly failed to disclose information required by federal law, and at the time Davison Design allegedly disclosed Wynn's invention in violation of the contract.  Therefore, the interest of justice requires that the case be transferred to the Southern District of Alabama.

Accordingly, it is hereby ORDERED:

1.   Defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

2.   The clerk is directed to transfer this action to the United States District Court for the Southern District of Alabama together with the complete court file.

**DONE AND ORDERED** this 1st day of December, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:09cv446/MCR/MD